### Arlen Y. STURDIVANT

v.

### Mary Margaret STURDIVANT.

### No. 8472.

Court of Civil Appeals of Texas, Texarkana.

May 3, 1977.

Rehearing Denied May 31, 1977.

Jack O. Herrington, Lovett & Herrington, Clarksville, for appellant.

Pat C. Beadle, Beadle & Beadle, Clarksville, for appellee.

RAY, Justice.

Mary Margaret Sturdivant, appellee (petitioner), sought modification of the child support set out in the decree of the District Court of Red River County dated October 30, 1973, in which Mrs. Sturdivant was granted a divorce and support for the three minor children born to her and appellant (respondent), Dr. Arlen Y. Sturdivant. This is a companion case to No. 8456 filed in this Court in which it was decided that an order entered by the trial court on September 21, 1976, was an order for *temporary* child support and therefore not appealable. The instant case concerns the *final* or *permanent* order entered by the trial court on November 22, 1976, for child support in the sum of $1,502.50 per month. Appellant has perfected his appeal from the November 22, 1976 judgment and submits one point of error for our consideration.

Appellant's point of error is as follows: "POINT OF ERROR 1. The District Court erred in entering a judgment for Petitioner because, pending an appeal, the trial court is without authority to take further action in a case which disturbs the status quo of the matters on appeal."

Appellant's point of error is without merit and is overruled because this Court decided in Cause No. 8456 that the trial court's first order (September 21, 1976) was a temporary order, not appealable, and even if the temporary support order were appealable, ". . . appellant failed to file the record in this Court within the time required by Rule 385 relating to appeals from interlocutory orders." This Court then determined that it did not have jurisdiction to review the propriety of the trial court's action in issuing the temporary order and dismissed the appeal. Because this Court determined that no appeal could be taken and that none had been perfected, the trial court was at liberty to take whatever action it deemed necessary and reasonable in entering its final order related to child support. Appellant's point of error is therefore overruled.

The judgment of the trial court is affirmed.